UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LOFTS AT THE ROUND CONDOMINIUM
ASSOCIATION, an Oregon non-profit
corporation,

        Plaintiff,

    v.

WARE MALCOMB, INC., a California
corporation; CONSTRUCTION
MANAGEMENT & DEVELOPMENT, INC., a
Hawaii corporation; and VERN MADISON,
dba VERN MADISON CONSULTING,

        Defendants.

Civil No. 09-166-HA

ORDER

HAGGERTY, District Judge:

    Plaintiff Lofts at the Round Condominium Association's (plaintiff or Association)

Complaint [1] alleges Construction Management & Development Inc. (defendant or CM&D)

negligently supervised, coordinated, directed the construction of, and performed tasks related to

the construction of the Lofts at the Round condominium project.  Defendant's Answer [12]

contains a counterclaim for attorney's fees in this action.  Plaintiff moves to dismiss defendant's

counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons,

plaintiff's Motion to Dismiss [16] is GRANTED.

1- ORDER

**STANDARD**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the

court must determine whether the plaintiff has made factual allegations that are "enough to raise a

right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959

(2007); Fed. R. Civ. P. 12(b)(6). Dismissal under rule 12(b)(6) "can be based on the lack of a

cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory."

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The reviewing court must

treat all facts alleged in the complaint as true, and all doubts are resolved in favor of the

nonmoving party. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); *Experimental*

*Eng'g, Inc. v. United Tech. Corp.*, 614 F.2d 1244, 1245 (9th Cir. 1980).

**BACKGROUND**

Plaintiff's complaint asserts tort claims against multiple defendants, alleging damages

stemming from negligent design and construction practices. Plaintiff alleges that CM&D:

> [O]wed the Association and Owners, as foreseeable future plaintiffs, and in
> addition to other duties, a duty to act with reasonable care and competence and to
> perform the foregoing tasks in a non-negligent manner. CM&D also owed the
> Association and Owners a duty to supervise, coordinate, and direct the
> construction of the Project to ensure that Lofts at the Round was properly built,
> including proper installation of the windows. The failure of CM&D to comply
> with these duties caused or contributed to the defects and property damages
> alleged in paragraphs 9-12 above.

Pl. Compl. at 11.

Defendant filed an Answer and counterclaim [12], presenting affirmative defenses and a

counterclaim based upon CM&D's contract with a third-party. Defendant's counterclaim reads:

> In connection with CM&D's conduct relating to the Lofts at the Round project
> (the "Project") which conduct allegedly gives rise to Plaintiff's claims against
> CM&D in this action, CM&D entered into contracts with LDP Beaverton, LLC

 2- ORDER

("LDP") to perform certain construction management services in connection with the Project.  Upon information and belief, *the legal basis on which Plaintiff is pursuing the current action and alleged claims against CM&D is as a purported assignee or intended beneficiary of LDP's rights under such contracts.*  The LDP-CM&D contracts contain (at Section VII, paragraph 16) a clause entitling the prevailing party in any action "arising out of . . . or related to th[e] [contracts] and/or the Project" to recover all of its legal fees and costs.  Under the contracts, CM&D is entitled to recover its reasonable attorney fees and costs incurred in this action.

Def. Answer and Countercl. at 8 (emphasis added).

For the purposes of this motion, this court accepts as properly alleged and true that: (1) LDP and CM&D engaged in a contractual relationship entitling CM&D to attorney's fees in a tort action relating to the Lofts at the Round project; and (2) pursuant to a settlement agreement, (a) plaintiff is an intended beneficiary of the contracts between CM&D and LDP, and (b) plaintiff has assumed all the contractual rights and liabilities of LDP with regard to the Lofts at the Round project.

## DISCUSSION

Plaintiff's motion to dismiss CM&D's counterclaim must be granted because defendant's counterclaim as alleged is directly contradicted by the pleadings.  Defendant has also not persuaded this court that an assignment of contractual rights can carry with it the burden of an attorney's fee provision when an assignee foreign to the original contract sues pursuant to its own rights.

Defendant's counterclaim alleges that the "legal basis on which plaintiff is pursuing the current action and alleged claims against CM&D is as a purported assignee or intended beneficiary of LDP's rights under such contracts." *Id.*  The plain language of plaintiff's Complaint clearly proves otherwise.

 3- ORDER

Plaintiff rightly points out that its "claims are not based upon contractual obligations owed by CM&D to LDP, to the Association, or to any other person or entity." Memo in Sup. of Pl.'s Mo. to Dismiss at 4. Plaintiff's legal claim is a tort action based upon CM&D's duties with regard to the Association as foreseeable future plaintiffs. While it is entirely possible that plaintiff could have sued defendant under a right assumed from LDP, plaintiff has not chosen to do so.

Defendant attempts to clarify the wording of the counterclaim through an "if-then" scenario. Defendant argues that "**if** Plaintiff is the assignee of the contract between CM&D and LDP Beaverton, LLC, one of the developer defendants in the prior action, **then** Plaintiff's are liable to CM&D for CM&D's attorney fees." Def. Resp. at 3. Even bearing in mind the liberal pleading standards envisioned by the Federal Rules, this hypothetical is inconsistent with defendant's actual counterclaim. Defendant has not alleged that plaintiff stands in the shoes of LDP, only that plaintiff's claim is based upon an assumption of LDP's contracts or rights.

While defendant has pointed to some authority that a contract may allow attorney's fees in a tort action under Oregon law, the defendant has not adequately addressed whether an assignee or intended beneficiary of a third-party contract can assume liability for attorney's fees, especially in the absence of a claim based upon that assignment.

Defendant has not properly pleaded a counterclaim alleging both privity of contract and a right to relief based upon that privity. Instead, defendant's claim for relief asserts that the legal basis on which plaintiff is seeking relief relies upon that privity. It does not. Because no set of facts could prove that plaintiff's claim is based upon its assumption from LDP, defendant's counterclaim must be dismissed.

**CONCLUSION**

 4- ORDER

For the reasons provided, plaintiff's Motion to Dismiss [16] is GRANTED.  Defendant is

granted leave to file an amended counterclaim.  The parties are also granted leave to conduct

limited discovery to determine whether the Association assumed LDP's burden to pay attorney's

fees.

IT IS SO ORDERED.

DATED this  18   day of June, 2009.


                                                    /s/ ANCER L. HAGGERTY

                                                      Ancer L. Haggerty
                                                   United States District Court


5- ORDER